Karsten Grant KENNEDY, Plaintiff–Appellant,

v.

STATE OF TEXAS PARDONS AND PAROLES; Gerald Garrett, Chairman, Defendant–Appellee.

No. 04–10428.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided June 29, 2005.

---

Karsten Grant Kennedy, Texas Department of Criminal Justice Institutional Division Neal Unit, Amarillo, TX, pro se.

Before HIGGINBOTHAM, JONES and PRADO, Circuit Judges.

### ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM: *

This court affirmed on alternate grounds the dismissal of a 42 U.S.C. § 1983 lawsuit filed by Karsten Grant Kennedy, Texas prisoner # 1036345. *Kennedy v. Texas Pardons and Paroles,* 111 Fed.Appx. 219 (5th Cir.2004)(No. 04–10428)(per curiam). The Supreme Court vacated and remanded for further consideration in light of *Wilkinson v. Dotson,* —— U.S. ——, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005). *Kennedy v. Texas Board of Pardons and Paroles,* —— U.S. ——, 125 S.Ct. 1637, 161 L.Ed.2d 474 (2005).

In *Wilkinson,* the Supreme Court repeated its long-held conclusion that prisoners must challenge parole proceedings in habeas if "they seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." 125 S.Ct. at 1247. In the instant case, Kennedy requested that the courts "force compliance of release, through injunctive relief, as well as declaratory relief." Because Kennedy is requesting immediate or speedier release to mandatory supervision, his claims are properly presented in habeas. *See Wilkinson,* 125 S.Ct. at 1247; *see*

*also Cook v. Texas Dep't of Crim. Justice Transitional Planning Dep't,* 37 F.3d 166, 169 (5th Cir.1994). The judgment of the district court dismissing Kennedy's 42 U.S.C. § 1983 action is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.